**C L I F F O R D**
**C H A N C E**

CLIFFORD CHANCE US LLP

31 WEST 52ND STREET
NEW YORK NY 10019 6131

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com

**Mark Weissman**
Associate

DIRECT TEL +1 212 878 8579
DIRECT FAX
mark.weissman@cliffordchance.com

June 13 2005

VIA EXPRESS MAIL AND ECF

Honorable Thomas C. Platt
United States District Judge
United States District Court,
 Eastern District of New York
Alfonse M. D'Amato United States Courthouse
1044 Federal Plaza
Central Islip, New York 11722

Honorable E. Thomas Boyle
United States Magistrate Judge
United States District Court,
 Eastern District of New York
Alfonse M. D'Amato United States Courthouse
1044 Federal Plaza
Central Islip, New York 11722

Re:   *In re Computer Associates Class Action Securities Litigation*, Master File No. 98 Civ. 4839 (TCP), *In re Computer Associates 2002 Class Action Securities Litigation,* Master File No. 02 Civ. 1226 (TCP), and *Federman v. Artzt, et al.*, 03 Civ. 4199 (TCP)(the "Actions")

Dear Judge Platt and Judge Boyle:

We submit this letter on behalf of our client, David P. Rivard, in connection with the pending Rule 60(b) motions for relief from Judge Platt's Order and Judgment of December 8, 2003, approving the settlements in the above-referenced actions (collectively, the "Settlements"). We understand that oral argument is scheduled with respect to these motions on June 24, 2005.

Mr. Rivard is not a party to these actions. He is, however, a defendant in the pending (but stayed) derivative action, *Computer Associates International, Inc. Derivative Litigation*, No. 04 Civ. 2697 (TCP) (the "2004 Action"). Like several of the defendants in that case, Mr. Rivard has an interest in the outcome of the present Rule 60(b) motions because he is a beneficiary of the releases contained in the Settlements. The Movants seek to void these releases because, they argue, the Settlements were procured by an "active fraud," involving Mr. Rivard, among others. We, therefore, submit this letter, respectfully, to correct the record with respect to our client.

NYA 737159.2

**C L I F F O R D**
**C H A N C E**

CLIFFORD CHANCE US LLP

June 13, 2005                                                                                                    Page 2

First, Mr. Rivard was not and could not have been involved in any attempt to wrongfully induce his own release. Mr. Rivard had no personal involvement whatsoever in the conduct of the settled actions nor the Settlements. He was not named in any of these actions, was not asked to give and did not give any depositions in these actions, and never appeared or filed any papers in court in connection with these actions. Mr. Rivard was a Vice President of Sales Accounting and, then, a Vice President of Finance at Computer Associates until his resignation in October 2003. Given that he was an accountant and a low level executive within Computer Associates, Mr. Rivard did not exert (and could not have exerted) influence over the conduct of the litigation or its settlement. Indeed, Mr. Rivard was not even employed by Computer Associates when the Settlements were approved by this Court in December 2003. Movants' assertion that the "settlement was procured through the active fraud" of Mr. Rivard is therefore utterly meritless.[1]

Furthermore, there has never been an allegation or even a suggestion by the government that Mr. Rivard committed or conspired to commit a fraud in connection with the conduct of these actions or the Settlements. Mr. Rivard was charged with and pled guilty, in April 2004, to conspiracy to commit securities fraud and to obstruct justice related to his participation in the accounting improprieties at Computer Associates and his conduct with respect to the government investigation. Mr. Rivard's guilty plea as well as the admissions contained in his plea allocution, were wholly unrelated to the Settlements.

We would also like to remind the Court, respectfully, that, unlike several of the parties here, Mr. Rivard's participation in misconduct at Computer Associates was known to the public and well within the contemplation of the parties in December 2003 when the Settlements and releases were finalized and approved by this Court. In October 2003, Mr. Rivard was asked to and did resign from Computer Associates and Mr. Rivard's forced resignation was disclosed in the October 2003 press release issued by Computer Associates.

---

[1] *See March 11, 2005 Reply Memorandum of Vladimir, Rosenzweig and Ranger.* Movants also attempt to lump our client in with the named parties by characterizing Mr. Rivard as an "opponent of the 60(b) motion." Mr. Rivard has not intervened nor appeared in the settled actions, and, until the instant letter, has not filed any papers or taken a position with respect to these Rule 60(b) motions.

NYA 737159.2

**C L I F F O R D**
**C H A N C E**

CLIFFORD CHANCE US LLP

June 13, 2005

Page 3

On December 8, 2003 – the date upon which this Court endorsed the Settlements, the parties were aware both that Computer Associates was the target of a federal criminal investigation, and that Mr. Rivard, *specifically*, was implicated in the accounting improprieties under investigation. Had the plaintiffs or Computer Associates wished to exclude Mr. Rivard from the broad releases contained in the Settlements at that time, they had ample opportunity to do so. Instead, the parties knowingly released him.[2]

Respectfully submitted,

*/s/ Mark Weissman*

Mark Weissman (MW-5325)


cc:   Counsel of Record (by ECF)

---

[2] Mr. Rivard also relied to his detriment on these releases because the existence of the releases was a consideration in Mr. Rivard's decision to accept criminal responsibility for his actions as well as his decision to settle with the S.E.C. Having done nothing improper to procure the releases, it would be plainly unfair to deprive him now of their benefit.

NYA 737159.2