UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHARLES FEDERMAN,

                Plaintiff,

                                                            03-CV- 4199(TCP)

    -against-

                                                           **MEMORANDUM AND ORDER**

RUSSELL M. ARTZT, et al.,

                Defendants.
-----------------------------------------------------------X

PLATT, District Judge.

      Before the Court is nominal defendant Computer Associates' (CA) application requesting that CA's Special Litigation Committee's (CA SLC) motion, which seeks to amend or clarify this Court's Order dated August 2, 2007, be granted. See Tulchin Ltr. dated September 27, 2007, Docket no. 03-CV-4199, Entry no. 121. Pursuant to said Order, derivative plaintiff Ranger Governance, Ltd.'s pending 60(b) and related discovery motions were denied.

      In the first instance and on or about August 24, 2007, Ranger Governance Ltd. appealed this Court's August 2, 2007 denial of its Rule 60(b) motion to the Second Circuit Court of Appeals. See Notice of Appeal, Docket no. 03-CV-4199, Entry no. 113. Ranger Governance, Ltd. has not sought to have the Order dated August 2, 2007 amended or clarified and, accordingly, this Court is divested of jurisdiction to amend or clarify said Order.

      Additionally, and as heretofore set forth in this Court's Order dated September 12, 2007, CA SLC has no standing to seek to amend or clarify the

Order dated August 2, 2007. Consequently, notice by CA that it "joined" in the CA SLC's motion to amend or clarify the August 2, 2007 Order (see Notice dated August 16, 2007, Docket no. 03-CV-4199, Entry no. 111), was rendered moot by this Court's determination that CA SLC had no standing to seek an amendment or clarification in the first place.

Furthermore, the CA Board of Directors authorized the CA SLC to act on behalf of the corporation in or around February 2005.[1] To this Court's knowledge, however, CA's Board of Directors has not authorized CA itself to re-open any prior proceedings, nor has it authorized CA to join with the plaintiffs in this case. This Court is not in the position to place litigants into positions which are not expressly authorized by the Company.

Moreover, CA was a nominal defendant at the time of settlement of this matter nearly four years ago.[2] The transcript of settlement dated December 5, 2003 (see Docket no. 98-CV-4839, Entry no. 216, Exhibit M) indicates that David E. Nachman, Esq. and Kirsten M. Nelson, Esq. represented "all defendants except Computer Associates in 03-CV-4199." The December 5, 2003 Minute Entry demonstrates, however, that Steven Woghin, Esq. appeared as counsel for

---

1. See Docket no. 03-CV-4199, Entry no. 60-3 at 2-4 (Secretary of Computer Associates International, Inc. certification dated February 3, 2005 that the Company's Board of Directors appointed a Special Litigation Committee with the "authority and power to control and determine the Corporation's response to the Action and Motions and the claims and arguments asserted in the Action and Motions" and "[that the Committee] shall have full and sole authority to determine the appropriate actions to be taken on behalf of and in the name of the Corporation with respect to those claims" ).

2. In addition to the above captioned matter, the settlement also included cases 98-CV-4839 and 02-CV-1226.

"[defendant] . . . Computer Associates." See Docket no. 98-CV-4839, Entry no. 173. This is significant because CA is chargeable with the settlement, the date thereof and that its Rule 60(b) motion had to be made within one year and that if CA did not make said motion within the year, any action taken by it after that date was time barred. Thus, under the circumstances presented, both CA and CA SLC are time barred and efforts to railroad this Court by arguing that it had the right to make a 60(b) motion that "will relate back" to Ranger Governance Ltd.'s motion are pointless if they are intended to extend the limitations period as to CA or CA SLC.

CA's failure to make its own 60(b) motion is further exacerbated by the fact that derivative plaintiff Ranger Governance wrote to CA's Director and Interim Chief Officer Kenneth D. Cron on June 7, 2004 (well within the one-year statutory time period) to request that Mr. Cron persuade CA's Board to cooperate with Ranger Governance Ltd.'s investigation and pursuit of CA's claims, which it apparently did not do. See Brewer Ltr. dated June 7, 2004, Docket no. 03-CV-4199, Entry no. 122-4.

Finally, this Court is constrained once again to note that no party has produced any evidence of actionable fraud which was unknown or not considered by the attorneys who settled the instant matter and its companion cases (see *supra* note 2) in December 2003.

Accordingly, CA's application requesting that CA SLC's motion to amend

or clarify the August 2, 2007 Order be granted is **DENIED**.

SO ORDERED.

/s/
Thomas C. Platt U.S.D.J.

Dated: October 4, 2007
      Central Islip, New York